1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 4/24/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR PALACIOS, | ) | No. C 09-1043 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND; |
| | ) | DENYING EX PARTE |
| v. | ) | MOTION FOR COUNSEL |
| | ) | |
| | ) | |
| WARDEN A. HEDGPETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket No. 3) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend, and denies without prejudice plaintiff's ex parte motion for counsel.

**BACKGROUND**

Plaintiff alleges that he was illegally and arbitrarily placed into the Behavior Modification Unit ("BMU") even though he did not qualify for placement of that kind. Plaintiff claims that such classification violated his right to due process. Further, plaintiff alleges that he was denied six months of exercise, which violated his right to be free from cruel and unusual punishment. However, because plaintiff has not provided the court with sufficient information to proceed regarding how the named defendants violated his constitutional rights, the complaint

1    must be dismissed with leave to amend.

2                                   **DISCUSSION**

3    A.    Standard of Review

4           A federal court must conduct a preliminary screening in any case in which a prisoner

5    seeks redress from a governmental entity or officer or employee of a governmental entity.  See

6    28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

7    any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

8    seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),

9    (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

10   Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

11          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

12   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

13   the alleged violation was committed by a person acting under the color of state law.  See West v.

14   Atkins, 487 U.S. 42, 48 (1988).

15   B.    Legal Claims

16          Changes in conditions relating to classification and reclassification do not implicate the

17   Due Process Clause itself.  See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)

18   (citing Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976)).  However, California has created

19   regulations from which a protected liberty interest in classification may arise.

20          In addition, exercise is one of the basic human necessities protected by the Eighth

21   Amendment.  See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).  Prison officials

22   therefore may not deprive prisoners of regular exercise.  See Toussaint v. McCarthy, 597 F.

23   Supp. 1388, 1393 (N.D. Cal. 1984).  Although the Ninth Circuit did not specify the "minimum

24   amount of weekly exercise that must be afforded to detainees who spend the bulk of their time

25   inside their cells," the court held that ninety minutes per week of exercise, which is the

26   equivalent of slightly less than thirteen minutes a day, does not comport with Eighth Amendment

27   standards.  Pierce v. County of Orange, 526 F.3d 1190, 1212 (9th. Cir. 2008).

28          However, the action cannot proceed here because plaintiff has not provided the court

1    with the information necessary to determine whether a cognizable claim for relief has been stated

2    against any specifically named defendant.  In the body of the court's prisoner civil rights

3    complaint form, plaintiff has failed to include allegations against any of the sixteen named

4    defendants and has not identified actions of the alleged responsible individual defendants.

5         A complaint that fails to state the specific acts of the defendant which violated the

6    plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil

7    Procedure.  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  District

8    courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in

9    their complaints.  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

10        In this case, plaintiff's complaint fails to provide a short and plain statement regarding

11   each claim, including the conduct of each individual defendant that he asserts is responsible for a

12   constitutional violation.  Plaintiff must specifically identify what each named defendant did or

13   did not do in order to state a claim with regard to each separate claim.  As such, plaintiff will be

14   granted leave to amend to allege specifics.

15        In his amended complaint, plaintiff must establish legal liability of each person for the

16   claimed violation of his rights.  Liability may be imposed on an individual defendant under

17   section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a

18   federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City

19   of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional

20   right within the meaning of section 1983 if he does an affirmative act, participates in another's

21   affirmative act or omits to perform an act which he is legally required to do, that causes the

22   deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; see, e.g., Robins v.

23   Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent

24   8th Amendment violation may be basis for liability).  Sweeping conclusory allegations will not

25   suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's"

26   deprivation of protected rights.  Leer, 844 F.2d at 634.

27        Plaintiff also names as defendants the Warden A. Hedgpeth and Chief Deputy Warden

28   G.A. Neotti.  With regard to the supervisory employees named, plaintiff should be mindful that a

1    supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the

2    constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful

3    conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446

4    (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional

5    violations of his subordinates if the supervisor participated in or directed the violations, or knew

6    of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

7    1989).  Plaintiff's inclusion of Hedgpeth and Neotti on the apparent basis that they are liable

8    under a respondeat superior theory is insufficient.  See Taylor v. List, 880 F.2d 1040, 1045 (9th

9    Cir. 1989).

10        Plaintiff's allegations fail to specifically state what unlawful conduct is attributable to

11   any named defendant.  Without this basic information, the complaint cannot proceed.  The

12   complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing

13   each defendant's actions regarding that claim is preferable.  Accordingly, the complaint is

14   DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty days in which

15   to amend to correct the deficiencies in his complaint.

16   C.    Motion for Counsel

17        Plaintiff's ex parte motion for appointment of counsel (docket no. 3) is DENIED for want

18   of exceptional circumstances.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); see

19   also  Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no constitutional right

20   to counsel in a civil case).  This denial is without prejudice to the court's sua sponte appointment

21   of counsel at a future date should the circumstances of this case warrant such appointment.

22                                     **CONCLUSION**

23        1.    Plaintiff's complaint is DISMISSED without prejudice with leave to amend.

24        2.    Plaintiff's motion for counsel is DENIED without prejudice.

25        3.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

26   this order is filed to cure the deficiencies described above.  The amended complaint must include

27   the caption and civil case number used in this order (09-1043 RMW (PR)) and the words

28   AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the

1  prior complaint by reference. **Failure to file an amended complaint within thirty days and in**

2  **accordance with this order with result in dismissal of these claims.**

3       4.     Plaintiff is advised that an amended complaint supersedes the original complaint.

4  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

5  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

6  Defendants not named in an amended complaint are no longer defendants. See Ferdik v.

7  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

8       5.     It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the

9  court informed of any change of address by filing a separate paper with the clerk headed "Notice

10 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

11 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

12 of Civil Procedure 41(b).

13      IT IS SO ORDERED.

14 DATED:  4/24/09

15                                              RONALD M. WHYTE
                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend; Denying Ex Parte Motion for Counsel
P:\PRO-SE\SJ.Rmw\CR.09\Palacios043dwlta.wpd      5