***E-FILED - 9/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR PALACIOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARDEN A. HEDGPETH, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 09-1043 RMW (PR) <br><br> ORDER TO SHOW CAUSE TO PLAINTIFF WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

     Plaintiff, a prisoner at Salinas Valley State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  The court identified several deficiencies in the original complaint, and dismissed the complaint with leave to amend.  Plaintiff filed an amended complaint on May 13, 2009.  Having reviewed the instant amended complaint, it appears that plaintiff did not exhaust his administrative remedies prior to filing the instant complaint.  Accordingly, the court issues an order to show cause to plaintiff as to why this action should not be dismissed for his failure to exhaust administrative remedies.

**DISCUSSION**

     In the amended complaint, plaintiff alleges that his classification into the Behavior Modification Unit ("BMU") violates his right to be free from cruel and unusual punishment because he was prevented from receiving outdoor exercise for six months.  The court notes that plaintiff has filed copies of the administrative appeal he filed, SVSP 08-01558, as exhibits to his

original complaint, and references the same administrative appeal number in his amended complaint. A review of administrative appeal SVSP 08-01558 reveals that plaintiff did not raise the issue of lack of outdoor exercise in his grievances. (Complaint, Ex. A.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387. The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a).

Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." Id. (citation and internal quotation omitted) (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order). Administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062, 1063 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the Americans with Disabilities and Rehabilitation Act).

Accordingly, the court issues an order to show cause to plaintiff as to why this case

1  should not be dismissed without prejudice for failure to exhaust his administrative remedies prior
2  to filing this action. Plaintiff shall file a response to the order to show cause **within thirty days**
3  from the date this order is filed. The court notes that if plaintiff has not fully exhausted his
4  administrative remedies prior to filing this action, this action will be dismissed without prejudice
5  and plaintiff may choose to file a new complaint once he has exhausted his administrative
6  remedies.

## CONCLUSION

1. Plaintiff is ordered to show case as to why this action should not be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response to the order to show cause **within thirty days** of the date this order is filed. **Failure to file a response within the court's deadline will result in the dismissal of this action without prejudice for failure to exhaust administrative remedies.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.
DATED: 9/4/09

RONALD M. WHYTE
United States District Judge

Order to Show Cause to Plaintiff Why Case Should Not Be Dismissed Without Prejudice
P:\PRO-SE\SJ.Rmw\CR.09\Palacios043oscexh.wpd        3